FILED
U.S. DISTRICT COURT
2006 MAY 12 A 11: 36
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AS TO PRIOR ARREST AND CONVICTION |
| vs. | |
| RICHARD A. LARSON, Defendant. | Case No. 2:04-CR-634 TS |

This matter is before the Court on the government's notice of Intent to Use 404(b) Evidence[1] and Defendant's Motion in Limine to Exclude Evidence as to Prior Arrest and Conviction.[2]

Rule 404 (b) provides: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may,

---

[1] Docket Nos. 36 and 39.

[2] Docket No. 43.

1

however, be admissible for other purposes, such as proof of opportunity, intent, . . . plan, knowledge, . . . "[3]

On August 13, 2004, Defendant was arrested in Salt Lake City, Utah on the present charge of possession with intent to distribute five grams or more of actual methamphetamine. The government alleges that the methamphetamine was found by officers under a night stand drawer in Defendant's apartment after he denied possession of drugs in the apartment.[4]

Pursuant to Rule 404(b), the government seeks to offer, and Defendant seeks to exclude evidence of the fact that Defendant was arrested on May 22, 2004, in Rock Springs, Wyoming (Rock Springs incident). During that incident Defendant denied possession and recent use of methamphetamine but the officers searched his hotel room and found methamphetamine and pay-owe sheets.[5] He eventually pleaded guilty to felony conspiracy to distribute a controlled substance arising from the Rock Springs incident.

Defendant seeks to exclude the evidence relating to the Rock Springs incident on the grounds that the government's notice of intent to use 404(b) evidence lacks specificity, the evidence is of little probative value, and that any probative value is outweighed by the danger of unfair prejudice. The government clarifies its notice by stating that it seeks to admit evidence of the officer's testimony regarding the Rock Springs incident as well as the guilty plea and conviction. It contends that such evidence is admissible under 404(b)

---

[3]Fed.R.Evid. 404(B).

[4]Docket No. 43 Def.'s Mot. at 1-2.

[5]Docket No. 46, Gov't's Mem. at 1-2.

2

because it is offered for the purpose of proving Defendant's opportunity, intent, plan, and knowledge. The government also contends that it is relevant because the present charge is merely a continuation of the prior drug dealing in Rock Springs, that it was proximate in time, similar in circumstances, and is highly probative.

Under Rule 404(b), evidence of prior bad acts by a defendant is admissible only for limited purposes and only when the *Huddleston*[6] requirements are met. The well-known *Huddleston*[7] requirements for admissibility of Rule 404 (b) evidence are: (1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) that a limiting instruction is given if the defendant so requests.[8]

The government should "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts" and the "trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice."[9]

> Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b). It is relevant if it tends to prove or disprove one of the elements necessary to the charged offense. The danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of Fed.R.Evid. 403. The limiting instruction must caution the

---

[6] *United States v. Huddleston,* 485 U.S. 681 (1988).

[7] *Id.* at 691-92.

[8] *United States v. Mares,* 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston,* 485 U.S. at 691).

[9] *United States v. Kendall,* 766 F.2d 1426, 1436 (10th Cir. 1985).

3

jury to consider the evidence only for the limited purposes for which it is admitted and not as probative of bad character or propensity to commit the charged crime.[10]

To be unfairly prejudicial under Rule 403, the unfair prejudice must do more than "damage the defendant's position at trial."[11] "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense of the crime charged."[12]

> Although generally admissible, . . . conduct must share similarity with the charged crime. It need not be identical. Similarity may be demonstrated through "physical similarity of the acts or through the 'defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic offense and charged offenses.' "
>
> We have identified a number of non-exclusive factors in assessing similarity: (1) whether the acts occurred closely in time; (2) geographical proximity, . . . ; (3) whether the charged offense and the other acts share similar physical elements; and (4) whether the charged offense and the other acts are part of a common scheme.[13]

Turning to the *Huddleston* factors, the proper purpose factor is met. The evidence tends to show opportunity, intent, plan, and knowledge. To sustain a conviction for possession with intent to distribute five grams or more of actual methamphetamine under 21 U.S.C. § 841(a)(1), the government must prove beyond a reasonable doubt that:

---

[10]*Mares*, 441 F.3d at 1156-57.

[11]*United States v. Tan,* 254 F.3d 1204, 1211-12 (10th Cir. 2001) (emphasis in original).

[12]*Id.* (quoting *U.S. v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999)).

[13]*Mares,* 441 F.3d at 1157-58.

(1) Defendant possessed the alleged amounts of methamphetamine, a controlled substance; (2) Defendant knew he possessed the controlled substance; and (3) Defendant intended to distribute the controlled substance.[14] Thus, Defendant's alleged knowledge of the methamphetamine and his intent to distribute it are directly at issue in this case. It is the government's position that the events at issue were a continuation of his previous methamphetamine dealing in Rock Springs a few months earlier. It is also offered to show his knowledge of the nature of the drug that was found in his night stand. Thus, the Court finds that it is offered for a proper purpose of showing two elements of the crime with which he is charged, knowing possession and intent to distribute. For the same reason, the Court finds that the second *Huddleston* factor, relevance, is met. In considering the third factor, whether the probative value outweighs its prejudicial effect, the Court considers the similarity of the acts.

In determining whether "the time and place of the two incidents are close enough to satisfy rule 404(b),"[15] the Court notes that the incidents were separated by only three months. The prior act shares a similar physical element--drugs hidden in room occupied by Defendant--with the alleged events in this case, and the government alleges that the charged offense and the events in the Rock Springs incident are part of a common scheme, a continuation of the drug distribution scheme.

---

[14] *United States v. Garcia,* 2006 WL 367843, *4 (10th Cir. 2006).

[15] *Mares,* 441 F.3d at 1158.

5

The elements of the other act, to which Defendant pleaded guilty, conspiracy to distribute a controlled substance, were (1) an agreement between a defendant and at least one other person to possess with the intent to distribute the specified quantities of the specified controlled substance, (2) knowledge by a defendant of the essential elements of the conspiracy, (3) knowing and voluntary involvement with the conspiracy, and (4) an interdependence among the conspirators.[16]

The characteristics make it sufficiently similar to make its probative value highly relevant to the elements of the charged crime. The Court finds that its probative value of the evidence is not outweighed by its prejudicial effect.

As to the fourth *Huddleston* factor, the Court will give the jury a limiting instruction as to the evidence of the other acts evidence at the time the evidence is received and again during final instructions. It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence as to Prior Arrest and Conviction (Docket No. 43) is DENIED. It is further

---

[16] *U.S. v. Dunmire,* 403 F.3d 722, 724 (10th Cir. 2005).

ORDERED that when the 404(b) evidence is received, the Court will give a cautionary instruction in the form as set forth attached Exhibit A. If the parties have any objection to the form of the instruction, they shall file their proposed 404(b) instruction no later than 5:00 p.m. on Tuesday, May 16, 2006.

DATED May 11, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

EXHIBIT A

INSTRUCTION NO.

Members of the jury, I want to give you a cautionary instruction now because we have had some testimony by this individual about an unlawful act by this Defendant other than those with which Defendant is charged.

Defendant is charged only with possession with intent to distribute five grams or more of actual methamphetamine, as has been read to you from the Indictment. And obviously this other testimony relates to instances other than those charged. I want to give you this instruction that this evidence has been admitted only for the limited purpose of showing Defendant's opportunity, plan, knowledge and intent, if any, with respect to the specific offense with which he is charged.

You may consider this evidence only as it bears on the Defendant's opportunity, plan, knowledge, and intent, and for no other purpose. Of course, the fact that Defendant may have previously committed an act similar to the one charged in this case does not mean that he necessarily committed the act charged in this case.